### UNITED STATES DISTRICT COURT
### DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| L.T., individually | : | Civil Action No. 04-1381(NLH) |
| and on behalf of his son, | : | |
| B.T., | : | |
| | : | |
| Plaintiffs, | : | |
| | : | **Fed. R. Civ. P. 52(a)(1)** |
| | : | |
| v. | : | **OPINION** |
| | : | |
| THE MANSFIELD TOWNSHIP | : | |
| SCHOOL DISTRICT, | : | |
| | : | |
| Defendant. | : | |
| | : | |

**APPEARANCES:**

Gregory Guy Johnson, Esquire
282 Glenn Avenue
Lawrenceville, NJ 08648

    *Attorney for Plaintiffs*

James F. Schwerin, Esquire
Parker McCay, PA
Building Four East
1009 Lenox Drive
Suite 102A
Lawrenceville, NJ 08648

    *Attorney for Defendant*

**HILLMAN**, District Judge

    A five-day bench trial was held in this case involving
plaintiffs' claims arising under the Individuals with
Disabilities Education Act (IDEA), 20 U.S.C. § 1400 et seq. and
the Rehabilitation Act of 1973, 29 U.S.C. § 504(a).  On March 17,
2009, the Court issued an Opinion in accordance with Federal Rule
of Civil Procedure 52(a)(1) wherein the Court found in favor of

defendant on defendant's alleged failure to provide B.T. with an
ESY program and transportation in violation of his right to a
Free Appropriate Public Education (FAPE) under the IDEA (Counts
One and Two), and found in favor of plaintiffs on defendant's
failure to provide seventeen days of education in September 2003
(Count Three).  The Court ordered the parties to submit a
remedial plan--either jointly or independently--within thirty
days of the entry of the Opinion.  The Court also ordered
plaintiffs to submit a certification of their attorney's fees and
costs associated with the prosecution of this matter.  Plaintiffs
submitted their proposed remedial plan and attorney's fees and
costs, and defendant challenged both.  A hearing was held on May
19, 2009, and despite the Court's and parties' efforts, the
parties could not come to a consensus as to the proper remedial
plan or whether plaintiffs' attorney's fees and costs are
reasonable.  The Court ordered further submissions on the
remedial plan and attorney's fees to be due June 4, 2009, and
replies thereto on June 11, 2009.  Since that time, defendant has
further challenged plaintiffs' proposed remedial plan, and
plaintiff has filed an additional fee certification.  Because it
is clear that the parties cannot come to an agreement as to the
damages plaintiffs are entitled to as a result of this Court
finding in plaintiffs' favor, and it appears that discussions
between the parties continue to deteriorate, in accordance with

this Court's March 17, 2009 bench trial ruling, the Court issues
this decision on damages for defendant's violation of the
Rehabilitation Act and IDEA for the seventeen days of education
B.T. lost in September 2003.[1]

## 1.    Compensatory Education

The Court has found that plaintiffs are entitled to
compensatory education for the seventeen days of education B.T.
lost in September 2003.  B.T. is currently living in Shelby
County, Tennessee, and the Shelby County School District has
crafted a plan which it feels provides compensation for those
missed school days.  As a primary matter, the Court notes that
the remedy to be implemented now, with B.T. in high school, is

---

[1]The Court recognizes that a follow-up hearing to the May
19, 2009 hearing and conference was set for June 18, 2009, and
rescheduled to July 16, 2009, and that defendant was counting on
that opportunity to further argue about the plaintiffs' proposed
remedial plan and the attorney's fees and costs they incurred as
a result of this litigation.  What defendant's constant
challenges seem to forget, however, is that plaintiffs went to
trial and successfully proved defendant's liability as to the
seventeen days of missed education.  Since that decision in March
2009, the Court has encouraged the parties, through their
expertise as educators and parents, to create a proper
educational plan for B.T.--a plan that would not have been
required but for defendant's violation of B.T.'s IDEA and
Rehabilitation Act rights.  As discussed more below, the creation
of this plan to compensate B.T. for defendant's violative conduct
must be in his best interest and is the Court's first and
foremost consideration.  Additionally, even though the Court has
asked for and appreciates the parties' input, it is ultimately
the Court's obligation to determine the proper remedy for
defendant's liability.  Since both parties have had ample
opportunity to comment on an appropriate remedy, as well as the
issue of reasonable attorney's fees, these issues are ripe for
adjudication.

different from a remedy that would have been implemented six years ago when he missed the first month of fifth grade. The Court also notes that the Shelby County educators have no interest in this litigation, and, per the representations of plaintiffs' counsel, they were reluctant to even become entangled in this case. However, recognizing their current obligation to provide B.T. with a free appropriate education, they created a plan to provide B.T. with the equivalent of seventeen days of education that is appropriate now for his age and abilities.

The plan provides for instruction, to be held outside the normal school day and as replacement services outside IEP services determined by the IEP team at B.T.'s high school, for 119 hours (seven hours a day for seventeen days). (See Docket No. 127.) The plan proposes 114 hours of simultaneous general education and special education instruction, three hours of speech therapy, and two hours of occupational therapy. The plan also requires fifty hours for a school administrator to be present outside the normal school hours, and transportation costs. The total cost of this remedial plan, none of which goes directly to plaintiffs, is $16,000.

Defendant has challenged this plan. Among other challenges, defendant argues that paying for two teachers simultaneously, as well as the requirement of an administrator, is excessive and unnecessary. Defendant also challenges the need to account for

4

seven hours per day.  Defendant argues that because several hours of a student's day are not spent strictly receiving educational services--namely, lunch, gym, and recess--B.T. should only be awarded four hours of compensatory education per day.

The Court agrees that simultaneous instruction by a general education teacher and special education teacher appears impracticable.  Accordingly, the 114 hours of educational services shall be provided individually by the general and special education teachers.[2]  The Court does not agree, however, with defendant's other challenges.  First, an administrator is necessary for practical considerations, such as opening the school building outside regular school hours, as well as to monitor the teacher providing services to B.T.  Moreover, the plan only calls for 50 hours of the administrator's presence, and not for the entire 119 compensatory hours.  Second, the Court does not agree that the schooling B.T. missed can be parsed out by substantive classroom instruction and non-classroom instruction.  In September 2003, B.T. missed all aspects of his school day, and although lunch, gym and recess are not strictly academic areas, they are integral to a child's education.  Indeed, if the Court were to agree with defendant's argument, it would support the notion that there is no value to a child in

---

[2]Each teacher costs $50 per hour.  Having the two teachers split the 114 hours reduces the teacher fee by half.

activities other than substantive classroom instruction, and
therefore all school days should constitute only four hours of
pure academics.  The Court does not accept that view, especially
since even the defendant acknowledged early on that socialization
was as much a part of this child's education as academic
instruction.

Accordingly, the Court finds that the remedial plan proposed
by Shelby County, with the subtraction of the cost for the
simultaneous teachers (reducing the value of the plan to $10,300)
fairly and accurately compensates B.T. for defendant's violation
of his Rehabilitation Act and IDEA rights for seventeen missed
days of education in 2003.  This is in accord with the
requirement under the IDEA that a court "shall grant such relief
as the court determines is appropriate," 20 U.S.C. §
1415(i)(2)(C)(iii), and the Rehabilitation Act, A.W. v. Jersey
City Public Schools, 486 F.3d 791, 804 (3d Cir. 2007) ("The
remedies for violation of Section 504 are coextensive with the
remedies available in a private cause of action brought under
Title VI of the Civil Rights Act of 1964.  These remedies include
compensatory damages, injunctive relief, and other forms of
relief traditionally available in suits for breach of contract."
(citations omitted)); see also Reid v. District of Columbia, 401
F.3d 516, 518 (D.C. Cir. 2005), cited in Ferren C. v. School
Dist. of Philadelphia, 595 F. Supp. 2d 566, 577-78 (E.D. Pa.

2009) (stating that compensatory education is "replacement of educational services the child should have received in the first place" and "compensatory awards should aim to place disabled children in the same position they would have occupied but for the school district's violations of IDEA").

### 2.  **Attorney's fees and costs**

Both the Rehabilitation Act and the IDEA provide for the award of attorney's fees and costs to the prevailing party.  See 29 U.S.C. § 794a(b); 20 U.S.C. § 1415(i)(3)(B)(I).  What attorney's fees and costs plaintiffs are entitled to has been the biggest debate between the parties.  As set forth above, at the Court's direction in its March 17, 2009 Opinion, plaintiffs submitted their attorney's fees and costs on May 18, 2009, and defendant challenged the submission at the hearing held on May 19, 2009.  Because defendant requested additional time to more-formally oppose plaintiffs' fees submission, the Court ordered further submissions to be due June 4, 2009, and replies thereto on June 11, 2009.  However, plaintiffs' counsel did not submit his supplemental certification until June 26, 2009, and he did so by way of motion.  Because the Court has already ruled that plaintiffs are entitled to attorney's fees and costs--only the amount is yet to be determined--the filing of the certification as a motion is procedurally improper.  See L. Civ. R. 54.2 (providing that in actions where a counsel fee is permitted by

7

statute, "an attorney seeking compensation for services or
reimbursement of necessary expenses shall file with the Court an
affidavit within 30 days of the entry of judgment or order,
unless extended by the Court").  Further, the motion was filed on
June 26, 2009, which is out-of-time per the Court's May 19, 2009
order.  (See Docket No. 131.)  Because defendant has not had the
opportunity to fully respond to plaintiffs' supplemental fees and
costs certification, it will be disregarded.[3]  Instead, the Court
will rely on plaintiffs' original fee certification, which was
filed on May 18, 2009 as ordered by the Court in its March 17,
2009 Opinion.  Defendant has had since May 18, 2009 to challenge
that petition.

Plaintiffs are seeking $118,787.50 in legal fees ($325.00
per hour for 365.5 hours) and $10,145.25 in costs.  Defendant's
primary argument for why plaintiffs' attorney's fees should be

_____

[3]On June 29, 2009, the Court informed the parties that due
to the continued deterioration of the negotiations between the
parties on the remedial plan and attorney's fees issue, the Court
was to issue its judgment today.  The Court also provided
defendant until noon today to respond to plaintiffs' late-filed
supplemental motion for fees.  Defendant did so respond.
However, as discussed above, the Court has determined to
disregard plaintiffs' supplemental submission and only consider
the fee certification presented on May 18, 2009.  The Court has
considered defendant's objections made at the May 19, 2009
hearing, and will view defendant's submission today as another
challenge to the May 18, 2009 certification.  In any event, these
additional fees are more indicative of the parties' inability to
agree on a joint remedy plan than they are fees expended as
advocacy.  While the Court appreciates such efforts, those costs
are best borne by each party.

reduced is that plaintiffs were only successful in proving one of their claims, losing on two claims at trial, and losing on other claims on motion practice.  Defendant argues that plaintiffs should only be awarded fees that can be tied to the lone successful claim.

Defendant is correct that in certain circumstances, attorney fees should only be awarded as to "successful" claims.  This case is not that situation, however.  In a case where a plaintiff is deemed prevailing even though he succeeded on only some of his claims for relief, two questions are asked: "First, did the plaintiff fail to prevail on claims that were unrelated to the claims on which he succeeded?  Second, did the plaintiff achieve a level of success that makes the hours reasonably expended a satisfactory basis for making a fee award?"  Hensley v. Eckerhart, 461 U.S. 424, 434 (1983).  To answer the first question,

> In some cases a plaintiff may present in one
> lawsuit distinctly different claims for relief that are
> based on different facts and legal theories. In such a
> suit, . . . counsel's work on one claim will be
> unrelated to his work on another claim. Accordingly,
> work on an unsuccessful claim cannot be deemed to have
> been expended in pursuit of the ultimate result
> achieved. The congressional intent to limit awards to
> prevailing parties requires that these unrelated claims
> be treated as if they had been raised in separate
> lawsuits, and therefore no fee may be awarded for
> services on the unsuccessful claim.
> . . .

In other cases the plaintiff's claims for relief will involve a
common core of facts or will be based on related legal theories.

> Much of counsel's time will be devoted generally to the litigation as a whole, making it difficult to divide the hours expended on a claim-by-claim basis. Such a lawsuit cannot be viewed as a series of discrete claims. Instead the district court should focus on the significance of the overall relief obtained by the plaintiff in relation to the hours reasonably expended on the litigation.

Id. at 434-45 (internal citations and quotations omitted).  Thus, the key is whether the prevailing and non-prevailing claims are related and based out of the same core facts.  Cf. Washington v. Philadelphia County Court of Common Pleas, 89 F.3d 1031, 1044 (3d Cir. 1996) ("[T]he court can reduce the hours claimed by the number of hours spent litigating claims on which the party did not succeed and that were distinct in all respects from claims on which the party did succeed." (internal citations and quotations omitted)).

Here, the facts supporting plaintiffs' successful claim also supported the other theories of liability advanced by plaintiffs. Surviving motion practice were three claims[4]: (1) defendant's failure to provide B.T. with an extended school year program in the summer of 2003, (2) defendant's failure to provide transportation to that program, and (3) seventeen missed days of school in the fall of 2003.  As noted by the Court in the March 17, 2009 Opinion, the discord between defendant and plaintiffs

---

[4]Several of plaintiffs' claims did not survive motion practice.  The basis for those claims are part of the same adversarial relationship between plaintiffs and the school district during B.T.'s entire time in the district.  (See Op. at 22.)

was ongoing since B.T.'s arrival in the district in 2001, and the events over the spring of 2003 through the summer lead to B.T.'s missed schooling in the fall of 2003.  Even though plaintiffs were unsuccessful in proving IDEA and Rehabilitation Act violations for the first two claims, the fees incurred in advancing those claims are recoverable because they are inextricably related with the third successful claim.  Thus, because plaintiffs' claims involved a common core of facts and were based on related legal theories, counsel's time was devoted generally to the litigation as a whole, making it difficult to divide the hours expended on a claim-by-claim basis.

        To answer the second question of whether the plaintiff achieved a level of success that makes the hours reasonably expended a satisfactory basis for making a fee award, the Supreme Court has instructed:

> Where a plaintiff has obtained excellent results, his attorney should recover a fully compensatory fee. Normally this will encompass all hours reasonably expended on the litigation, and indeed in some cases of exceptional success an enhanced award may be justified. In these circumstances the fee award should not be reduced simply because the plaintiff failed to prevail on every contention raised in the lawsuit. Litigants in good faith may raise alternative legal grounds for a desired outcome, and the court's rejection of or failure to reach certain grounds is not a sufficient reason for reducing a fee. The result is what matters.

Hensley, 461 U.S. at 435.  Therefore, plaintiffs' are entitled to attorney's fees for the prosecution of all their claims, despite

being ultimately successful as to only one of them.[5]

Next, the Court must scrutinize the fees certification for reasonableness.  "There is no precise rule or formula for making these determinations.  The district court may attempt to identify specific hours that should be eliminated, or it may simply reduce the award to account for the limited success.  The court necessarily has discretion in making this equitable judgment."  Id. at 437.

As the Supreme Court noted, "[i]deally . . . litigants will settle the amount of a fee."  Id.  This Court has attempted to follow that path, but the parties continue to be at direct odds on this issue.  In order to prevent a request for attorney's fees from resulting "in a second major litigation," id., the Court has carefully reviewed plaintiffs' fee certification to determine the appropriate award of reasonable attorney's fees and costs.  To that end, the Court finds that plaintiffs are entitled to all of their costs in the amount of $10,145.25.[6]

_____

[5]That standard is tempered by the direction of "the result is what matters."  The Supreme Court has emphasized that when "an adjustment is requested on the basis of either the exceptional or limited nature of the relief obtained by the plaintiff, the district court should make clear that it has considered the relationship between the amount of the fee awarded and the results obtained."  Id. at 437.

[6]Defendant objects to plaintiffs' expert costs in the amount of $2,231.25 for her expert report and $3,062 for her appearance at trial because defendant argues that the Court did not rely upon her testimony in finding in favor of plaintiffs on their successful claim.  As discussed above, all claims involved

12

With regard to attorney's fees, the Court finds that plaintiffs' counsel's rate of $325.00 per hour is reasonable based on his experience and it is customary for this practice area.  The Court also finds, however, that because plaintiffs' counsel was proceeding as a sole practitioner during most of this litigation, he performed tasks that an associate or paralegal would ordinarily undertake.  Accordingly, the Court will apply the blended rate of $250.00 per hour to counsel's time records. Additionally, the Court will reduce by half 12.5 hours of charges for drafting and review of very brief letters and notices from the court.[7]  Finally, the Court will further reduce plaintiffs' counsel fees by twenty percent because this reduction causes the amount of attorney's fees to be more in line with plaintiffs' overall success in their case.  See Hensley, 461 U.S. at 440 ("Where a lawsuit consists of related claims, a plaintiff who has won substantial relief should not have his attorney's fee reduced simply because the district court did not adopt each contention raised. But where the plaintiff achieved only limited success,

---

related facts and proofs, and plaintiffs' expert testified as to all three of plaintiffs' claims.  Therefore, the Court cannot hold that her fee is readily severable between the successful and unsuccessful claims.

[7]The entries reduced by half are: 7/27/04, 11/19/04, 5/24/05, 8/18/05, 9/30/05, 11/5/05, 11/16/05, 11/22/05, 12/22/05, 12/26/05, 12/29/05, 3/2/06, 3/20/06, 5/4/06, 5/9/06, 7/4/06, 7/5/06, 8/4/06, 1/16/07, 7/5/07, 8/14/07, 10/31/07, 11/1/07, 11/21/07, 12/20/07, 1/10/08, 1/15/08, 3/25/08, 4/28/08, 3/18/09, 4/28/09, and 5/5/09.

13

the district court should award only that amount of fees that is reasonable in relation to the results obtained."). Accordingly, plaintiffs shall be awarded $71,850.00 in attorney's fees.[8]

An appropriate Order of Judgment will be entered.

Date: <u>July 1, 2009</u>                    <u>    s/ Noel L. Hillman    </u>

At Camden, New Jersey          NOEL L. HILLMAN, U.S.D.J.

---

[8]The Court notes that approximately $53,000 (165 hours) of attorney's fees and $6,000 in costs are attributable to the trial and development of the remedial plan. Plaintiffs' counsel's original fee certification did not include fees for preparing the fee petition or for any charges after May 6, 2009.