UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| L.T., individually and on behalf of his son, B.T., | : | Civil Action No. 04-1381(NLH) |
| Plaintiffs, | : | |
| v. | : | **OPINION** |
| THE MANSFIELD TOWNSHIP SCHOOL DISTRICT, | : | |
| Defendant. | : | |

**APPEARANCES:**

Gregory Guy Johnson, Esquire
282 Glenn Avenue
Lawrenceville, NJ 08648

    *Attorney for Plaintiffs*

James F. Schwerin, Esquire
Parker McCay, PA
Building Four East
1009 Lenox Drive
Suite 102A
Lawrenceville, NJ 08648

    *Attorney for Defendant*

**HILLMAN**, District Judge

    This matter has come before the Court on defendant's motion to be relieved of judgment pursuant to Federal Civil Procedure Rule 60, plaintiffs' cross-motion to enforce the judgment, and defendant's motion to stay judgment pending defendant's appeal. For the reasons expressed below, defendant's Rule 60 motion will be granted in part and denied in part, plaintiff's motion will be denied, and defendant's motion to stay will be granted.

## BACKGROUND

A five-day bench trial was held in this case involving plaintiffs' claims arising under the Individuals with Disabilities Education Act (IDEA), 20 U.S.C. § 1400 et seq. and the Rehabilitation Act of 1973, 29 U.S.C. § 504(a). On March 17, 2009, the Court issued an Opinion in accordance with Federal Rule of Civil Procedure 52(a)(1) wherein the Court found in favor of defendant on defendant's alleged failure to provide B.T. with an ESY program and transportation in violation of his right to a Free Appropriate Public Education (FAPE) under the IDEA (Counts One and Two), and found in favor of plaintiffs on defendant's failure to provide seventeen days of education in September 2003 in violation of the Rehabilitation Act and IDEA (Count Three). After providing the parties the opportunity to agree among themselves as to a joint remedial plan, on June 30, 2009, the Court issued its decision on damages for defendant's violation of the Rehabilitation Act and IDEA for the seventeen days of education B.T. lost in September 2003. The Court also awarded plaintiffs attorney's fees and costs.

Defendant seeks relief from the judgment with regard to the award of costs for plaintiff's expert witness. Defendant also seeks to stay payment of the judgment without bond because of its appeal of the entire judgment to the Third Circuit Court of Appeals. Plaintiff has cross-moved for the enforcement of the

judgment, in particular with regard to defendant's payment of the award of compensatory education.

## **DISCUSSION**

The Court's June 30, 2009 Order of Judgment was comprised of two components for defendant's violation of B.T.'s Rehabilitation Act and IDEA rights: (1) an award of compensatory damages in the amount of $10,300.00[1] to be paid to the Shelby County School District, where B.T. currently resides, and (2) an award of $71,850.00[2] for attorney's fees and $10,145.25 in costs. Defendant has appealed the entire judgment, but has moved before this Court to be relieved from judgment pursuant to Federal Civil Procedure Rule 60 with regard to the award of $5,293.25 in costs for plaintiffs' expert witness.[3] Defendant has also asked for a

---

[1] As explained in the Court's Opinion on Judgment, the award was reduced from the $16,000 requested by plaintiffs.

[2] Plaintiffs requested $118,787.50 in attorney fees. This amount was reduced as explained in the Court's Opinion on Judgment.

[3] Rule 60 provides,

> On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party; (4) the judgment is void; (5) the judgment has been satisfied, released or discharged; it is based on an earlier judgment that has been reversed or vacated; or

3

stay of the execution on the judgment without bond pending appeal. Plaintiffs not only contest defendant's motion, but they also ask the Court to order defendant to pay the judgment amount, particularly with regard to the payment of the compensatory education award because it has been six years since B.T. lost seventeen days of education due to defendant's violative actions.[4]

With regard to defendant's motion contesting the award of costs for plaintiffs' expert, defendant cites to Arlington Cent. School Dist. Bd. of Educ. v. Murphy, 548 U.S. 291, 297 (2006). In Arlington, the Supreme Court reversed the Second Circuit, which upheld the award of expert fees to the prevailing parents on their IDEA claim.  The Court reviewed the governing provision of the IDEA, 20 U.S.C. § 1415(i)(3)(B), which provides that "[i]n any action or proceeding brought under this section, the court, in its discretion, may award reasonable attorneys' fees as part of the costs" to the parents of "a child with a disability" who

---

       applying it prospectively is no longer equitable; or
       (6) any other reason that justifies relief.

[4]Defendant states that it does not intend to contest the remedial portion of the Court's Order of Judgment, and is willing to pay the award.  (Docket No. 149.)  Defendant represents, however, that it cannot pay the award to the Shelby County School District until plaintiffs have entered into a signed contract with the district.  (Docket No. 149, Ex. A, Letter from Valerie B. Speakman, General Counsel of Shelby County Schools.)  The Court discusses this below with regard to defendant's motion to stay.

4

is the "prevailing party."  The Court then noted that because the IDEA was enacted pursuant to the Spending Clause, and the Spending Clause requires "clear notice" to the States for their acceptance of federal funds with Congress-imposed conditions attached, it must be determined "whether such a state official would clearly understand that one of the obligations of the Act is the obligation to compensate prevailing parents for expert fees."  Arlington, 548 U.S. at 296.  The Court found that "[w]hile this provision provides for an award of 'reasonable attorneys' fees,' this provision does not even hint that acceptance of IDEA funds makes a State responsible for reimbursing prevailing parents for services rendered by experts."  Id. at 297.  The Court ultimately found that "the text of 20 U.S.C. § 1415(i)(3)(B) does not authorize an award of any additional expert fees, and it certainly fails to provide the clear notice that is required under the Spending Clause."  Id. at 298; see also id. at 297 ("[Section] 1415(i)(3)(B) does not say that a court may award 'costs' to prevailing parents; rather, it says that a court may award reasonable attorney's fees 'as part of the costs' to prevailing parents.").

Here, the Court found that defendant violated plaintiffs' Rehabilitation Act and IDEA rights (March 17, 2009 Opinion at 22), and awarded costs for plaintiffs' expert pursuant to both Acts (July 1, 2009 Opinion at 7).  To the extent that the award

5

for plaintiffs' expert was pursuant to § 1415(i)(3)(B), the Supreme Court has made it clear that such an award is prohibited.[5]  Consequently, the Court vacates the award of costs for plaintiffs' expert pursuant to § 1415(i)(3)(B).[6]

Defendant does not address, however, whether reimbursement of expert costs is permissible for violations of the Rehabilitation Act.  The Rehabilitation Act provides, "In any action or proceeding to enforce or charge a violation of a provision of this subchapter, the court, in its discretion, may allow the prevailing party, other than the United States, a reasonable attorney's fee as part of the costs."  29 U.S.C. § 794a(2).  Although this provision does not explicitly provide for the recovery of expert fees as part of the costs, the Rehabilitation Act incorporates the remedies available under the

---

[5] Regardless of the IDEA provision, plaintiffs would still be entitled to $40 per diem travel reimbursement for their expert's presence at trial.  See Arlington, 548 U.S. at 297-98 (stating that the "list of otherwise recoverable costs is obviously the list set out in 28 U.S.C. § 1920, the general statute governing the taxation of costs in federal court, and the recovery of witness fees under § 1920 is strictly limited by § 1821, которая authorizes travel reimbursement and a $40 per diem").  Because, however, all of plaintiffs' expert witness costs may be awarded to plaintiffs on their successful Rehabilitation Act claim, the award of costs pursuant to this provision is inapplicable because it would be partially duplicative.

[6] Defendant did not cite Arlington in its challenge to plaintiffs' request for reimbursement of their expert witness fees.  Rather, defendant challenged the expert fee on the basis that the Court did not rely upon her testimony in finding in favor of plaintiffs on their successful claim.  The Court rejected that argument.  (July 1, 2009 Opinion at 12 n.6.)

6

Civil Rights Act of 1964, which specifically provides for the taxation of expert fees. See 29 U.S.C. § 794a(2) ("The remedies, procedures, and rights set forth in title VI of the Civil Rights Act of 1964 (42 U.S.C. 2000d et seq.) (and in subsection (e)(3) of section 706 of such Act (42 U.S.C. 2000e-5), applied to claims of discrimination in compensation) shall be available to any person aggrieved by any act or failure to act by any recipient of Federal assistance or Federal provider of such assistance under section 794 of this title."); 42 U.S.C. § 2000e-5(k) ("[T]he court, in its discretion, may allow the prevailing party, other than the Commission or the United States, a reasonable attorney's fee (including expert fees) as part of the costs."). Thus, plaintiffs are entitled to reimbursement of their expert fees for their prevailing party status on their Rehabilitation Act claim. See Neena S. ex rel. Robert S. v. School Dist. of Philadelphia, 2009 WL 2245066, *11 (E.D. Pa. July 27, 2009) (finding that "[a]s plaintiffs were entitled to the same compensatory education under § 504 as they were awarded under the IDEA, they are prevailing parties under § 504 as well. Thus, plaintiffs are entitled to reimbursement for the evaluation under § 504 and the $2,475 evaluation will not be deducted from plaintiffs' requested costs."). Consequently, the Court modifies its Order of Judgment to reflect that the award of costs for plaintiffs' expert is with regard to their Rehabilitation Act claim only.

Having scrutinized the award of costs with regard to the expert fees, the Court has taken another look at the other costs incurred by plaintiffs.[7]  The list of recoverable costs is set out in 28 U.S.C. § 1920, the general statute governing the taxation of costs in federal court.  That provision provides, "A judge or clerk of any court of the United States may tax as costs the following: (1) Fees of the clerk and marshal; (2) Fees for printed or electronically recorded transcripts necessarily obtained for use in the case; (3) Fees and disbursements for printing and witnesses; (4) Fees for exemplification and the costs of making copies of any materials where the copies are necessarily obtained for use in the case; (5) Docket fees under section 1923 of this title; (6) Compensation of court appointed experts, compensation of interpreters, and salaries, fees, expenses, and costs of special interpretation services under section 1828 of this title."  28 U.S.C. § 1920.  Costs for a party's parking, train or air fare, mileage, and travel expenses are not authorized by § 1920.  Neena S., 2009 WL 2245066 at *11 (citing Arlington, 548 U.S. at 297).

Here, plaintiffs' chart of costs includes charges for non-reimbursable items: parking for trial ($120), car rental ($297), and plaintiff's airfare ($270).  (Docket No. 129-3.)  The award

---

[7]The Court is authorized to *sua sponte* review its prior Order pursuant to Federal Civil Procedure Rule 60.  See, *supra*, note 3.

of costs must be modified to exclude these charges.  Plaintiffs' costs also include unexplained "Fed Ex" ($60), "postage" ($50), and "telephone charges" ($300).  Without any additional explanation as to how or why plaintiffs incurred such charges, they will be disallowed.[8]  All other charges on plaintiffs' chart of costs are recoverable.  Consequently, $1097 will be reduced from plaintiffs' award of costs.

Defendant has also asked this Court to stay the payment of the judgment.  They also claim that to obtain such a stay, it does not need to post a supersedeas bond.  Under Federal Civil Procedure Rule 62(d), an appellant may obtain a stay on the execution of a judgment by posting a supersedeas bond.  Rule 62(f) provides that "[i]f a judgment is a lien on the judgment debtor's property under the law of the state where the court is located, the judgment debtor is entitled to the same stay of execution the state court would give."  A judgment in a federal district court sitting in New Jersey is accorded the same status as a judgment in the New Jersey state courts, 28 U.S.C. § 1962, and New Jersey law provides that a judgment of the Superior Court of New Jersey creates a lien against the judgment debtor's

---

[8]In the context of the plaintiffs' request for costs as a prevailing party under the IDEA, the Supreme Court noted that 20 U.S.C. § 1415(i)(3)(B) "was not meant to be an open-ended provision that makes participating States liable for all expenses incurred by prevailing parents in connection with an IDEA case-- for example, travel and lodging expenses or lost wages due to time taken off from work."  Arlington, 548 U.S. at 297.

property from the time of the actual entry of such judgment, even when that debtor is a municipality. Hurley v. Atlantic City Police Dept., 944 F. Supp. 371, 372-73 (D.N.J. 1996) (citing N.J.S.A. 2A:16-1) (other citations omitted). Under N.J. Court Rule 2:9-6(b), "When an appeal is taken . . . by the State or any political subdivision thereof or any of their respective officers or agencies . . . and the operation or enforcement of a judgment or order is stayed, no bond, obligation or other security shall be required from the appellant." Thus, when the "State or any political subdivision thereof or any of their respective officers or agencies" appeals a judgment against it in New Jersey federal court, it is entitled to a stay of the execution of the judgment pending the appeal without the posting of a bond. See id.; Glass v. Snellbaker, 2008 WL 4371760, *23 (D.N.J. Sept. 17, 2008).

Here, defendant, Mansfield Township Board of Education, is considered a state agency. See Estelle v. Bd. of Educ., 97 A.2d 1, 5 (N.J. Super. Ct. App. Div. 1953) (stating that a local board of education is considered a state agency) (cited in Cohen v. Board of Trustees of University of Medicine and Dentistry of New Jersey, 572 A.2d 1191, 1195 (N.J. Super. Ch. Div. 1989)). Defendant, therefore, is not required to post a supersedeas bond in order for the execution of the judgment against it to be stayed. Defendant, however, has filed an affidavit of counsel that states, "Although the District has appealed to the Third

10

Circuit from the Order of Judgment, it does not intend to contest the remedial portion of the Order, and is willing to pay the $10,300.00."  (Docket No. 149 ¶ 2.)  Consequently, the Court will stay the execution of judgment without the posting of a bond pending defendant's appeal, but will encourage defendant and plaintiffs to work together to effectuate the compensatory education that is long overdue to B.T.

    An appropriate Order will be entered.

Date: August 11, 2009                     s/ Noel L. Hillman

At Camden, New Jersey             NOEL L. HILLMAN, U.S.D.J.